Reed, P. J.,
delivered the opinion of the court.
Appellant was a dealer in liquors in the ci ty of Denver. In March, 1894, appellee was a distiller in the state of Ken *42 tucky and by his agent sold liquor to appellant to the amount of $1,166.87, 'which was delivered; a part was barrels of whiskey and part case goods.
On the 7, day of March, appellee drew his draft upon appellant, payable to his own order at the Colorado National Bank in this city four months after date for the amount mentioned above — -winch upon presentation was accepted in writing by appellant.
Although the draft was not yet due, the agent becoming afraid of a loss, brought suit for his principal, under the statute and also sued out an attachment upon an affidavit stating: “ That the said demand is upon contract, and that the said Joseph Lustig has conveyed, transferred and assigned, or is about to convey, transfer or assign his property, with intent to hinder, delay or defraud his creditors, or some one or more of them, and that the defendant fraudulently contracted the debt, or fraudulently incurred the liability respecting which the suit is brought, and by false representations or false pretenses or by fraudulent conduct procured the property of the plaintiff, and that the action is brought upon a written instrument for the direct and unconditional payment of money only.”
Appellant traversed the affidavit; answered admitting the acceptance of the bill, but traversed the other allegations of the complaint. A trial was had to a jury, verdict for the plaintiff for the amount of the bill, interest and cost.
The first supposed error relied upon was the refusal of the court to allow a full cross-examination of appellant by his counsel when he was called and testified as a witness for the plaintiff (appellee). Counsel wished to examine Mm in regard “ to the reasons and purposes of sales made by Mm to others and the consideration,” etc., which was refused, — the court stating that evidence could be put in upon defense.
The order of the introduction of testimony is greatly in the discretion of the trial court and will not be reviewed in this court if the record shows that a party was not prejudiced; if in the course of the trial all the evidence was admitted, *43 the time and circumstances are not important. Appellant was subsequently called on his own behalf and testified fully in regard -to all the facts and circumstances at great length, and the whole matter going to the jury, the fact that it was upon direct and not upon cross-examination cannot be ground for reversal. Had the court prevented appellant from getting his defense to the jury a different question would be presented.
The evidence was full that appellant sold a greater part of the whiskey in barrels to two brothers-in-law engaged in the same business, also some case goods; there was also some evidence to show such sales to have been clandestine which was denied by appellant. It was also shown that the remainder of his stock in trade was sold as a whole to the firm of Neff Bros., and appellant went out of business and failed.
Appellant testified to Ms reasons for the sales to the brothers-in-law and Neff Bros., his manner of doing business and that when the suit was brought, he was worth from $20,000 to $25,000.
The second supposed error relied upon was the refusal of the court to grant a nonsuit. We cannot agree with comisel that it was erroneous. The case made by appellee was such that a nonsuit, taking the questions of fact from the jury, would have been clearly improper.
The third assignment of error relied upon was to the instruction of the court.
A careful examination of the instruction, fails to support the contention of counsel. They were brief, incisive and clear statements of the law of the case, impartially submitting to the jury the questions of fact for its determination.
There was sufficient evidence of irregularity and fraud to warrant and authorize the verdict. The question having-been fairly submitted and determined the judgment should be affirmed.

Affirmed,